UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALLEN ANCAR, III**                                         CIVIL ACTION

**VERSUS**                                                   **No. 12-1710**

**PORT SHIP SERVICE, INC.**                                  SECTION "B"

ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment Regarding Plaintiff's Discriminatory Compensation Claim. (Rec. Doc. No. 17). In response, Plaintiff filed an opposition. (Rec. Doc. No. 20). Defendant filed a reply thereto. (Rec. Doc. No. 31).

Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 17) be **GRANTED.**

Cause of Action and Facts of the Case:

Plaintiff, Allen Ancar, III, was employed by Defendant, Port Ship Service, Inc. ("PSS"), from about March 2008 to March 16, 2012 as a driver transporting river pilots to and from the Port of New Orleans. (Rec. Doc. No. 17-1, at 1). Pilots needing transportation contact the PSS dispatcher who records their calls on a tablet. Driving assignments were made off the tablet on a rotating basis among the Plaintiff, a black male, and another driver, a white male. (Rec. Doc. No. 13, at 2).

1

PSS asserts that it does not require its customers, the river pilots, to tip the drivers it employs. (Rec. Doc. No. 17-1). Rather, the decision as to whether and what amount to tip is left to the discretion of each customer. (Id.). PSS further alleges that drivers employed by PSS do not report to PSS the amount of tips that they might receive from river pilots. (Id.). PSS does not require its drivers to pool any tips that they might receive from river pilots. (Id., at 2). PSS pays its drivers an hourly wage in excess of the minimum wage required by the Fair Labor Standards Act. (Id.). Plaintiff alleges that he was frequently and intentionally assigned to pilots who did not tip or who tipped very badly[1] and that he was not allowed to see the tablet showing the order in which the pilots' calls should have been dispatched. (Rec. Doc. No. 13, at 2). Plaintiff filed this action on June 29, 2012, alleging that the dispatcher's intentional assignment of pilots to drivers based on race resulted in a discrepancy between the amount made in tips between himself and PSS's white driver and that the dispatcher's actions constituted discrimination in compensation by PSS. (Id.).

**Law and Analysis**

---

[1] Plaintiff asserts that Bob Nunez, whose role in PSS Plaintiff does not identify, publically identified big tippers once a week. (Rec. Doc. No. 20-1, at 1).

A. Motion for Summary Judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

B. Adverse Employment Action

Under Title VII it is unlawful for an employer " to fail or

refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61-62 (2006) (citing 42 U.S.C.A. § 2000e-2 (West)). Plaintiffs alleging intentional employment discrimination under Title VII must show a "materially adverse employment action." *See Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 580 (5th Cir. 2003). Only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating" satisfy the adverse employment action element. *Id.*, at 575-76 (*citing Dollis v. Rubin,* 77 F.3d 777, 781–82 (5th Cir.1995)). A demotion also qualifies as an adverse employment action under Title VII. *Sharp v. City of Houston,* 164 F.3d 923, 933 n. 21 (5th Cir.1999). Title VII does not, however, address "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Banks*, 320 F.3d at 575-76 (*citing Burger v. Cent. Apartment Mgmt.,* 168 F.3d 875, 878 (5th Cir.1999)).

In the case at hand, Plaintiff alleges that the defendant was steering big tippers to the white drivers and small tippers to himself, a black male, and that this constituted a materially adverse action covered by Title VII. (Rec. Doc. No. 20, at 1-2). Plaintiff fails to point to any case law suggesting that tips, over

which Plaintiff admits Defendant had no control[2], constitute compensation, terms, conditions, or privileges of employment under Title VII. Furthermore, Plaintiff does not point to any case law suggesting that all employees are entitled to the same amount in tips in the absence of an agreement with the employer regarding tipping.[3] Additionally, Plaintiff's conclusory allegations that the dispatcher intentionally made driver assignments based on race do not suffice without some supportive and qualifying evidentiary showing to create a material factual dispute. Plaintiff's statement in opposition to summary judgment does not even show or mention intentional discriminatory practices. Ultimately, Plaintiff has failed to make a showing sufficient to establish that a genuine issue of material fact exists for trial.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No.

---

[2] Rec. Doc. No. 20-1, at 1.

[3] "FLSA requires 'employers' to pay their employees a minimum wage. 29 U.S.C. 206(a). Tipped employees must receive a wage equal to the minimum wage, though tips can be counted as part of that wage as long as the employer pays the tipped employee a minimum of $2.13 per hour." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (*citing* 29 U.S.C. 203(m)(1)-(2); 29 C.F.R. 531.50(a)). FLSA does not stipulate that all employees must be paid the same amount in tips beyond the statutory minimum wage. Furthermore, where Courts have allowed consideration of tips in computing minimum wage and overtime compensation, "there has existed an agreement between the employer and the employee that tips should be kept by the employee as compensation. *Hayden v. Bowen*, 404 F.2d 682, 686 (5th Cir. 1968).

17) is **GRANTED.**

    New Orleans, Louisiana this 1st day of August, 2013.

                                                    UNITED STATES DISTRICT JUDGE